IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID ESCAMILLA | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Case No. 4:12CV634 |
| | § | |
| M2 TECHNOLOGY, INC. | § | |
| | § | |
| Defendant. | § | |

**ORDER AFFIRMING THE MAGISTRATE JUDGE'S JANUARY 26, 2015 AND JULY 10, 2015 ORDERS AND MEMORANDUM ADOPTING AUGUST 31, 2015 REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On October 5, 2012 This case was filed by *pro se* Plaintiff David Escamilla. *See* Dkts. 1 & 2. In accordance with Order RS-72, General Order No. 05-07 and the Local Rules and standing orders of this court, all pretrial matters were referred to the Magistrate Judge to be handled in accordance with 28 U.S.C. §636(b)(1).

On December 11, 2013, the Magistrate Judge stayed this case pending the final disposition of and exhaustion of all appellate remedies in a related case, *M2 Technology, Inc. v. M2 Software, Inc.*, Cause Number 4:12cv458. *See* Dkt. 83. As grounds for the stay, the Magistrate Judge noted the potential of *res judicata* and collateral estoppel as well as the possibility of inconsistent rulings in the two cases. *Id.*

On January 26, 2015, after a mandate from the Fifth Circuit Court of Appeals was filed in the related case, the Magistrate Judge lifted the stay in this matter and directed Defendant to file its motion for summary judgment on the issue of *res judicata*. *See* Dkt. 92. The order stated that until

1

the court ruled on the issues of *res judicata* and collateral estoppel, no discovery should be conducted and no further materials, except those relating to the summary judgment motion on *res judicata*, should be filed. *Id*. Defendant filed its Motion for Summary Judgment on February 5, 2015. *See* Dkt. 93.

On February 9, 2015, Plaintiff filed objections to the Magistrate Judge's January 26, 2015 Order Lifting Stay. *See* Dkt. 94. Plaintiff argued that all appellate remedies had not yet been exhausted in the related case and that the Magistrate's Order lifting the stay was clearly erroneous and/or contrary to the law for several reasons and that the stay should remain in effect. After Defendant responded to the objections (*see* Dkt. 95) and Plaintiff replied (*see* Dkt. 96), on February 20, 2015, the Magistrate Judge re-imposed the stay in the case, rendering moot Plaintiff's objections to the January 26, 2015 Order Lifting Stay. *See* Dkt. 97.

The stay remained in effect until June 17, 2015 when the Magistrate Judge, noting that the U.S. Supreme Court had denied Plaintiff's request for a rehearing in the related case, entered an order lifting the stay and setting a July 6, 2015 deadline for Plaintiff to respond to Defendant's motion for summary judgment. *See* Dkt. 107.

On July 6, 2015, counsel filed a notice of appearance for Plaintiff and Plaintiff, through counsel, filed his response to the motion for summary judgment, as well as a Motion to Re-Urge Plaintiff's Motion to Compel and Plaintiff's Motion to Test the Sufficiency of Answers and Objections to Requests for Admissions and Plaintiff's Cross-Motion for Summary Adjudication of the Issue of Likelihood-of-Confusion. *See* Dkts. 108-112.

On July 10, 2015, the Magistrate Judge entered an order striking Plaintiff's Motion to Re-Urge Plaintiff's Motion to Compel and Plaintiff's Motion to Test the Sufficiency of Answers and Objections to Requests for Admissions and Plaintiff's Cross-Motion for Summary Adjudication of the Issue of Likelihood-of-Confusion. *See* Dkt. 116. The Magistrate Judge stated that because the court had not yet ruled on the merits of Defendant's motion for summary judgment on *res judicata*, discovery remained stayed and Plaintiff's motions were premature. *Id.*

On July 21, 2015, Plaintiff filed objections to the Magistrate Judge's July 10, 2015 Order and re-urged his objections to the Magistrate Judge's January 26, 2015 Order. *See* Dkt. 118. On August 5, 2015, Defendant filed a response to those objections. *See* Dkt. 119.

On August 31, 2015, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendant's Motion for Summary Judgment (Dkt. 93) should be GRANTED, that Plaintiff David Escamilla should take nothing by any of his claims here as they are barred in their entirety by *res judicata*, and that Defendant should be awarded its costs herein. The Magistrate Judge further recommended that it should be ordered that, before filing any other suits in this District against M2 Technology, Inc., David Escamilla must first seek leave of court to do so. *See* Dkt. 120.

On September 10, 2015, Plaintiff filed his objections to the Magistrate Judge's report and recommendation, and, on September 17, 2015, Defendant responded to those objections. *See* Dkts. 121 and 122.

The court has reviewed the Magistrate Judge's January 26, 2015 and July 10, 2015 Orders, Plaintiff's objections thereto, and Defendant's responses. Having reviewed the same, the court

finds that the Magistrate Judge's orders are not clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). As to Plaintiff's requested discovery, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). As to the Magistrate Judge's restriction of the materials filed prior to the resolution of the issue of *res judicata*,

> [t]he district court possesses the inherent power to control its docket. This power includes the authority to decide the order in which to hear and decide pending issues. The district court used its discretionary authority to handle this case in the most efficient way; the court ruled upon the potentially dispositive issue first.

*Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). Here, the Magistrate Judge's January 26, 2015 and July 10, 2015 Orders were within the scope of his pretrial referral and his authority under 28 U.S.C. §636(b)(1) and were made in accordance with the court's inherent authority to manage its docket in a manner it deems most efficient.

Accordingly, Plaintiff's objections are overruled and the Magistrate Judge's January 26, 2015 and July 10, 2015 Orders are AFFIRMED.

Further, the court has made a *de novo* review of the objections raised by Plaintiff regarding the Magistrate Judge's August 31, 2015 report and recommendation, as well Defendant's response, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

The judgment in the related case, Cause Number 4:12cv458, was rendered by a court of competent jurisdiction and was final and on the merits, the parties in this suit and Cause Number

4:12cv458 were identical or in privity for purposes of *res judicata*, and Plaintiff's claims in this suit are based on the same nucleus of operative facts or series of connected transactions out of which the claims in Cause Number 4:12cv458 arose. All of Plaintiff's claims in this case are barred by *res judicata*.

Therefore, Defendant's Motion for Summary Judgment (Dkt. 93) is GRANTED, Plaintiff David Escamilla shall take nothing by any of his claims here as they are barred in their entirety by *res judicata*, and Defendant shall be awarded its costs herein. Further it is ordered that, before filing any other suits in this District against M2 Technology, Inc., David Escamilla must first seek leave of court to do so. This matter shall be closed on the court's docket.

**IT IS SO ORDERED.**

**SIGNED this the 29th day of September, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE